## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EQUAL RIGHTS CENTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case. No. 1:07CV01017 |
| | ) | Judge Reggie B. Walton |
| KETTLER | ) | |
| KETTLER MANAGEMENT CORP. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S JUNE 6, 2007 COMPLAINT

Defendants Kettler and Kettler Management Corp. (collectively "Kettler") answer Plaintiff Equal Rights Center's June 6, 2007 Complaint as follows:

1.　　　Paragraph 1 is an introductory sentence to which no response is necessary. To the extent paragraph 1 is deemed to contain facts, such facts are denied.

2.　　　Paragraph 2 characterizes Plaintiff's statement of the case, to which no response is required. To the extent these sentences are deemed to contain facts and allegations of violations of civil rights laws by Kettler, such facts and allegations are denied.

3.　　　The first and second sentences of paragraph 3 contain conclusions of law to which no response is required. To the extent these sentence are deemed to contain facts, such facts are denied.

4.　　　Paragraph 4 contains conclusions of law to which no response is required. To the extent paragraph 4 is deemed to contain facts, such facts are denied.

5.　　　The first and second sentences of paragraph 5 contain conclusions of law to which no response is required. To the extent these sentences are deemed to contain facts, such facts are

1

denied.  In the first and second sentences of paragraph 5, Plaintiff also summarizes, characterizes

or quotes from documents prepared by the United States Congress, which speak for themselves,

are the best evidence of their contents, and therefore no response is required.  However, to the

extent that Plaintiff's allegations characterize a position that is inconsistent with the position

stated in those documents, Kettler denies such allegations.

      6.      Kettler denies the allegations contained in paragraph 6.

## PARTIES

      7.      Kettler lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 7, and therefore denies the allegations of paragraph 7.

      8.      Kettler admits sentence 1 of paragraph 8 to the extent that Kettler Inc. (d/b/a

Kettler) is a corporation organized under the laws of the Commonwealth of Virginia and its

principal executive offices are located at 1751 Pinnacle Drive, Suite 700, McLean, Virginia

22102.  Kettler admits sentence 2 of paragraph 8 to the extent that Kettler Inc. develops and

redevelops multifamily housing dwellings in the Washington Metropolitan area, including the

District of Columbia, Maryland and Virginia.   Kettler denies the remaining allegations of

sentences 1 and 2 of paragraph 8.  Kettler admits sentences 3, 4, and 5 of paragraph 8.

      9.      Kettler admits sentence 1 of paragraph 9 to the extent that Kettler Management

Inc. is a Virginia corporation with its principal place of business in McLean, Virginia.  Kettler

admits sentence 2 of paragraph 9 to the extent that Kettler Management Inc. manages

multifamily housing dwellings across the Washington Metropolitan area, including some

properties that are the subject of this Complaint.  All other allegations in sentences 1 and 2 of

paragraph 9 are denied.  Kettler admits sentence 3 of the paragraph 9 to the extent that Kettler

represents that Kettler Management Inc. provides property management, marketing and

maintenance services to over 9,000 units. The remainder of the allegations in sentence 3 of paragraph 9 are denied.

10.     Due to vagueness and ambiguity in the allegations in sentence 1 and sentence 2 of paragraph 10, Kettler lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations of sentence 1 and sentence 2 of paragraph 10. Kettler lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentences 3, 4 and 5 of paragraph 10, and therefore denies the allegations of sentences 3, 4 and 5 of paragraph 10.

11.     To the extent paragraph 11 alleges that Kettler has developed and manages multifamily housing complexes, the allegations are admitted. Kettler denies the remainder of the allegations in paragraph 11.

12.     Kettler denies the allegations in sentence 1 of paragraph 12. Kettler lacks knowledge or information sufficient to form a belief as to the truth of the allegations of sentence 2 regarding the ERC's devotion of resources and therefore denies the allegations. Kettler denies the allegations of sentence 2 that Kettler has discriminatory policies and practices. Kettler denies the allegations of sentence 3 of paragraph 12.

## JURISDICTION AND VENUE

13.     Paragraph 13 is a statement of jurisdiction and conclusion of law to which no response is required.

14.     To the extent paragraph 14 is a statement of venue and conclusion of law no response is required. However, to the extent paragraph 14 is deemed to contain allegations that events or omissions took place which could give rise to a cause of action, the allegations are denied.

## FACTUAL AND LEGAL BACKGROUND

15.    Due to vagueness and ambiguity in the allegations of paragraph 15, Kettler lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations of paragraph 15.

16.    Due to vagueness and ambiguity in the allegations regarding ERC's visits to Kettler's properties in paragraph 16, Kettler lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations regarding the ERC's visits.  Kettler denies the allegations in paragraph 16 that the ERC discovered FHA and ADA violations at Kettler's properties.

17.    Kettler denies the allegations of paragraph 17 regarding violations by Kettler.  As to the remainder of paragraph 17, Kettler lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the remainder of the allegations in paragraph 17.

18.    Due to vagueness and ambiguity in the allegations of paragraph 18, Kettler lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations of paragraph 18.

19.    To the extent the allegations of paragraph 19 are conclusions of law, no response is required.  However, to the extent that Plaintiff alleges that all of the "Tested Properties" are subject to the design and construction requirements of the Fair Housing Act, Kettler denies Plaintiff's allegations in paragraph 19.

20.    Kettler denies the allegations of sentence 1 of paragraph 20.  To the extent sentence 2 of the paragraph 20 is a conclusion of law, no response is required.  However, to the

extent that sentence 2 of paragraph 20 is deemed to contain facts and allegations, such facts and allegations are denied.

21.     Kettler denies the allegations of sentence 1 of paragraph 21. Sentence 2 of paragraph 21 characterizes Plaintiff's statement of the case, and no response is required. However, to the extent that sentence 2 alleges that Kettler has engaged in a pattern and practice of designing and constructing apartment properties in violation of the FHA and ADA, Kettler denies the allegations. For sentence 3 of paragraph 21, Kettler lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations of sentence 3 of paragraph 21.

22.     Kettler denies the allegations in paragraph 22.

23.     Kettler denies the allegations in paragraph 23.

24.     Kettler denies the allegations in paragraph 24.

25.     Kettler denies the allegations in paragraph 25.

26.     Kettler denies the allegations in paragraph 26.

27.     Kettler denies the allegations in paragraph 27.

### Kettler Woodmont Crossing

28.     Kettler admits the allegations of sentence 1 of paragraph 28 to the extent that Woodmont Crossing is located in Washington, DC, consists of 176 garden styled units, and was completed in 2002. The remainder of the allegations in sentence 1 of paragraph 28 are denied. Kettler denies the allegations of sentence 2 of paragraph 28.

### Kettler The Fields of Germantown

29.     Kettler admits the allegations of sentence 1 of paragraph 29 to the extent that The Fields of Germantown is located in Germantown, Maryland, consists of 143 garden-style units,

and was completed in 2000.  Kettler denies the remaining allegations of sentence 1 of paragraph

29.  Kettler denies the allegations of sentence 2 of paragraph 29.

### Kettler County Center Crossing

30.      Kettler admits the allegations of sentence 1 of paragraph 30 to the extent that

County Center Crossing is located in Woodbridge, Virginia and consists of 224 garden-style

units.  Kettler denies the remainder of the allegations in sentence 1 of paragraph 30.  Kettler

denies the allegations of sentence 2 of paragraph 30.

### Kettler's Glen Ridge Commons

31.      Kettler admits the allegations of sentence 1 of paragraph 31 to the extent that Glen

Ridge Commons is located in Woodbridge, Virginia and consists of 140 garden-style units.

Kettler denies the remainder of the allegations in sentence 1 of paragraph 31.  Kettler denies the

allegations of sentence 2 of paragraph 31.

### Kettler Kenton Crossing

32.      Kettler admits the allegations of sentence 1 of paragraph 32 to the extent that

Kenton Crossing is located Lorton, Virginia and consists of 248 garden-style units.  Kettler

denies the remainder of the allegations in sentence 1 of paragraph 32.  Kettler denies the

allegations of sentence 2 of paragraph 32.

### Kettler The Metropolitan at Fairfax

33.      Kettler admits the allegations of sentence 1 of paragraph 33 to the extent that The

Metropolitan at Fairfax is located in Herndon, Virginia and consists of 244 garden-style units.

Kettler denies the remainder of the allegations in sentence 1 of paragraph 33.  Kettler denies the

allegations of sentence 2 of paragraph 33.

### Kettler The Metropolitan at Reston Town Center

34.     Kettler admits the allegations of sentence 1 of paragraph 34 to the extent that The Metropolitan at Reston Town Center is located in Reston, Virginia and consists of 288 high-rise apartment units.  Kettler denies the remainder of the allegations in sentence 1 of paragraph 34. Kettler denies the allegations of sentence 2 of paragraph 34.

### Kettler West Village at Shirlington

35.     Kettler admits the allegations of sentence 1 of paragraph 35 to the extent that West Village at Shirlington is located in Arlington, Virginia and consists of 528 garden-style units.  Kettler denies the remainder of the allegations in sentence 1 of paragraph 35.  Kettler denies the allegations of sentence 2 of paragraph 35.

### Pattern and Practice Among Subject Properties

36.     Kettler denies the allegations in sentence 1 of paragraph 36.  Kettler admits the allegations of sentence 2 of paragraph 36 to the extent that Kettler manages and/or operates each of the Subject Properties.  The remaining allegations in sentence 2 of paragraph 36 are denied.

37.     Kettler denies the allegations in paragraph 37.

38.     Kettler denies the allegations in paragraph 38.

39.     Kettler admits the allegations of paragraph 39 only to the extent that at least one of the Subject Properties has been completed within two years of the filing of this Complaint. However, Kettler denies the remainder of the allegations in paragraph 39.

40.     Kettler denies the allegations in paragraph 40.

### INJURY TO PLAINTIFF

41.     Kettler denies the allegations in paragraph 41.

42.     Kettler denies the allegations in paragraph 42.

43.     Kettler denies the allegations in paragraph 43.

44.     Kettler denies the allegations in paragraph 44.

### FIRST CLAIM FOR RELIEF
### (FHA Violation)

45.     Kettler re-alleges and incorporates by reference its Answers to Paragraphs 1-44 above.

46.     Kettler admits paragraph 46 to the extent that the list identified by Plaintiff as the "Subject Properties" consists of twenty-three apartment complexes, which contain more than 4,500 individual housing units.

47.     Kettler denies sentence 1 of paragraph 47. To the extent that sentence 2 refers to each of the Subject Properties, Kettler denies the allegations in sentence 2. The remainder of sentence 2 is a legal conclusion to which no response is necessary. To the extent that sentence 3 refers to each of the Subject Properties, Kettler denies the allegations in sentence 3. The remainder of sentence 3 is a legal conclusion to which no response is necessary.

48.     To the extent paragraph 48 alleges that there are FHA violations at the Subject Properties, Kettler denies the allegations of paragraph 48. As to the remainder of the paragraph, Kettler lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 48.

49.     Kettler denies the allegations in paragraph 49.

50.     Kettler denies the allegations in paragraph 50

51.     Kettler denies the allegations in paragraph 51.

52.     Kettler denies the allegations in paragraph 52.

53.     Kettler denies the allegations in paragraph 53.

54.     Kettler denies the allegations in paragraph 54.

55.     Kettler denies the allegations in paragraph 55.

56.     Due to vagueness and ambiguity in the allegations of sentence 1 of paragraph 56, Kettler lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations of sentence 1 of paragraph 56.  Kettler admits sentence 2 of paragraph 56.

57.     Kettler denies the allegations in paragraph 57.

## SECOND CLAIM FOR RELIEF
### (ADA Violations)

58.     Kettler re-alleges and incorporates by reference its Answers to Paragraphs 1-57 above.

59.     Paragraph 59 is a legal conclusion to which no response is necessary.  However, to the extent that paragraph 59 is deemed to contain facts, such facts are denied.

60.     Paragraph 60 is a legal conclusion to which no response is necessary.  However, to the extent that paragraph 60 is deemed to contain facts, such facts are denied.

61.     Kettler denies the allegations in paragraph 61.

62.     Kettler denies the allegations in paragraph 62.

63.     Kettler denies the allegations in paragraph 63.

64.     Kettler denies the allegations in paragraph 64.

65.     Kettler denies the allegations in paragraph 65.

66.     Kettler denies the allegations in paragraph 66.

## PRAYER FOR RELIEF

Paragraphs A-F characterize Plaintiff's prayer for relief, to which no response is required.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial, to which no response is required

**ALL CLAIMS**

To the extent any allegation in Plaintiff's Complaint dated June 6, 2007 remains unanswered, Kettler denies such allegation.

**AFFIRMATIVE DEFENSES**

1) Plaintiff lacks standing to bring this suit.

2) The Court lacks subject matter jurisdiction over Plaintiff's claims.

3) Plaintiff fails to state a claim upon which relief may be granted.

4) Plaintiff's claims are barred by the applicable statute of limitations.

5) Plaintiff has failed to join necessary parties.

Respectfully submitted,
HOLLAND & KNIGHT, LLP

/s/Christopher B. Hanback
Christopher B. Hanback (Bar # 232579)
Rafe Petersen (Bar # 465542)
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
(202) 955 3000 Phone
(202) 955 5564 Fax
E-mail: christopher.hanback@hklaw.com
E-mail: rafe.petersen@hklaw.com
*Counsel for Kettler and Kettler Management Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Answer was served by

electronic filing this 26th day of July, 2007, on the following:

Douglas W. Baruch, Esq.
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
1001 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20004

/s/ Christopher B. Hanback
Christopher B. Hanback

# 4681793_v1