IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE EQUAL RIGHTS CENTER,<br><br>               Plaintiff,<br><br>      v.<br><br>KETTLER, *et al.*,<br><br>               Defendants. | Case No. 1:07-cv-01017-RBW<br>Judge Reggie B. Walton |

**JOINT REPORT OF RESULTS OF RULE 26(F) AND LCvR 16.3 CONFERENCE
AND PROPOSED DISCOVERY PLAN**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule of Civil Procedure ("LCvR") 16.3, and the Order of this Court, the parties, by and through their respective counsel, met and conferred on September 5, 2007, and report as follows:

    1.    <u>Brief Description of Case</u>:

        A.    <u>Factual Summary of The ERC's Claims</u>:

There are approximately 50 million people in the United States today with some type of disability. Over 21 million of these people have some limitation on basic physical activities, like walking and climbing stairs. Finding accessible housing for people with these disabilities is a significant challenge. Both Title VIII of the Civil Rights Act of 1968 ("FHA") as amended by the Fair Housing Amendments Act of 1988 ("FHAA"), 42 U.S.C. §§ 3601-3619, and the Americans with Disabilities Act, 42 U.S.C. §§ 12181, (the "ADA") protect the rights of this segment of our population by mandating certain features of accessibility and accessible design to be included in multifamily housing. Since 1991, a failure to include these minimum features of accessibility constitutes discrimination against persons with disabilities.

Plaintiff The Equal Rights Center ("ERC") is a civil rights organization whose mission, in part, is the eradication of discrimination in housing, including discrimination against persons with disabilities. The ERC also represents the interests of its members, many of whom are persons with disabilities.

On June 6, 2007, The ERC filed a Complaint against Defendant Kettler and Kettler Management Corporation (collectively "Kettler" or "Defendants"), alleging continuous and systematic violations of the FHA and the ADA by Kettler in its design, construction and/or operation of 40 communities and over 9,000 apartment homes in the District of Columbia, Maryland, and Virginia.

The ERC's allegations are based largely on an ERC investigation of Kettler properties, including the actual "testing" of sixteen (16) of the Kettler properties to determine their compliance with the accessibility standards of the FHA and the ADA. Compliance with these accessibility requirements is a simple, objective matter that may be determined, in many instances, with only a measuring tape or a level. For example, doors are either wide enough or they are not. The ERC's "testing" was comprised of straightforward measurements of certain features of units and common-use and public-use areas at the Subject Properties. Each of these measurements could have been made during and after construction by Kettler.

At each property tested, The ERC found at least one and in most cases multiple violations of both the FHA and the ADA. These violations include doorways in units that are too narrow to pass through by a person using a wheelchair, kitchen and bathroom clearance that is inadequate to allow a person using a wheelchair to maneuver about the space and use the facilities, and the placement of light switches, electrical outlets, thermostats, and other environmental controls at heights that make them inaccessible to a person in a wheelchair, and a variety of other violations that virtually preclude persons with disabilities from renting these apartments and using the common-use and public-use areas associated with these apartment complexes.

B.     Factual Summary of Kettler's Defenses:

This action is the latest in a series of lawsuits filed by the ERC in an effort to expand its extreme interpretation of the design and construction requirements of the Fair Housing Act ("FHA") and the Americans With Disabilities Act ("ADA").  The FHA requires "features of adaptive design" such as an "accessible route into and through the dwelling," placement of certain controls (e.g. light switches) "in accessible locations" and "usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space."  42 U.S.C. § 3604(f)(3)(C)(i)-(iii).  In the words of Congress, these are "modest requirements" that are designed to "result[] in features which do not look unusual and will not add significant additional costs."  H. Rep. No. 100-711 100th Cong., 2d Sess. 1998, *reprinted in* 1988 U.S.C.C.A.N. 2173, 2179 ("House Report").  Thus, the FHA sets out an imprecise mandate of accessibility and adaptability that is unlike, for example, a national building code of accessibility.  Whether a particular unit has a kitchen that is "usable" is generally determined through surveys by architects or civil engineers with expertise in FHA compliance or through demonstrative evidence.

In enacting the FHA, Congress did not direct or empower HUD to promulgate binding regulations for accessible design features.  Rather, Congress intended that builders would retain flexibility in designing apartments, and could continue to achieve diversity in home design and construction while meeting the basic accessibility and adaptability requirements of the FHA.  Lacking authority to create mandatory design standards, HUD issued the Fair Housing Accessibility Guidelines ("Guidelines") as an example of a "safe harbor" that could be utilized to ensure compliance.  In turn, HUD published the Fair Housing Act Design Manual ("Design Manual") to further explain the application of the Guidelines.  Both the Guidelines and the Manual state unequivocally that they are neither binding nor mandatory. As recently held by Judge Leon, a diversion from the "safe harbor" of the Guidelines is not evidence of a violation of the FHA.  *Equal Rights Center v. Post Properties, Inc.*, No. 06cv1991, 2007 WL 2128232

(D.D.C., July 25, 2007). Thus, the ERC's simplistic "testing" of Kettler's properties evidences very little concerning compliance with the FHA and ADA.

Kettler has constructed its apartment and condominium communities in a manner that is consistent with the modest requirements of the FHA. Each property was individually designed, financed and built with the assistance of a number of different design professionals. There are no common elements of design that would show violations of the FHA or ADA. There are a number of persons with disabilities living in Kettler's properties.

      C.      <u>Statement of Jurisdiction</u>

The ERC contends that this Court may exercise subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332, and 42 U.S.C. §§ 3613(a) and 12188, and further contends that this Court has personal jurisdiction over Defendants.

Kettler contends that the Court lacks subject matter jurisdiction over Plaintiff's claims. Plaintiff lacks standing to bring this suit. Further, Plaintiff's claims must be dismissed for failure to state a claim upon which relief may be granted and because they are barred by the applicable statute of limitations.

    2.    Both parties anticipate filing dispositive motions after the completion of all discovery.

    3.    The parties suggest that all amendments to the pleadings should be made no later than forty-five (45) days after the close of discovery.

    4.    The parties have not been able to agree on the schedule for motions to join additional parties in this case and their respective positions are set forth below:

      A.    <u>Plaintiff's Position</u>: The ERC proposes that any motion by Kettler to join additional parties should be brought no later than forty-five (45) days after the deadline for Rule 26(a)(1) disclosures. The ERC believes that this schedule is necessary because, if any additional

parties are joined in this case, The ERC will need additional time for discovery. Moreover, a unified discovery period which includes all parties will promote judicial efficiency.

      B.    <u>Defendants' Position</u>:  Kettler proposes that all motions to join additional parties should be made no later than forty-five (45) days after the close of discovery.

5.    The parties do not seek to have a magistrate assigned to this case for all purposes.

6.    The parties are prepared to pursue resolution of this case through direct discussions. At this time, the parties do not believe that they will benefit from ADR or a similar neutral evaluation of the case.

7.    The parties have not been able to agree on the dispositive motions briefing schedule in this case and their respective positions are set forth below:

      A.    <u>Plaintiff's Position</u>:  The ERC proposes that the dispositive motions briefing schedule be set as follows: (a) dispositive motions shall be filed and served within thirty (30) days following the close of discovery; (b) oppositions to dispositive motions shall be filed and served within eleven (11) days of the dispositive motion; and (c) reply briefs shall be filed and served within five (5) days of the opposition brief.

      B.    <u>Defendants' Position</u>:  Kettler proposes that the dispositive motions briefing schedule be set as follows:  (a) dispositive motions shall be filed and served within forty-five (45) days following the close of discovery; (b) oppositions to dispositive motions shall be filed and served within eleven (11) days of the dispositive motion; and (c) reply briefs shall be filed and served within five (5) days of the opposition brief.

8.    The parties have agreed to make their initial disclosures pursuant to Rule 26(a)(1) within fourteen (14) days of the entry of the Scheduling Order in this proceeding.

9. The parties have not been able to agree on the length of the fact discovery period in this case and their respective positions are set forth below:

    A. <u>Plaintiff's Position</u>:  The ERC requests that fact discovery be completed by January 31, 2008.  This schedule will afford the parties more than 160 days for fact discovery (and more than seven months since the filing of the Complaint).  Since neither party anticipates exceeding the presumptive limit of ten (10) depositions per side and because most of the discovery will be local, this should provide the parties with ample time for discovery.  Moreover, it is in the public interest to complete discovery as expeditiously as possible, since the primary injunctive relief sought by The ERC is the retrofit of residential units to make them accessible to the disabled in compliance with the FHA and the ADA.

    B. <u>Defendants' Position</u>:  Kettler requests that fact discovery be completed by March 31, 2008.  This time period is necessary in light of the complexity of the issues and counsels' schedules during the holiday season.  Kettler further notes that the residential units at issue are already accessible to the disabled in compliance with the FHA and ADA.  The various Subject Properties have units that are occupied by persons with disabilities.  Moreover, the "retrofits" requested by the ERC (based on their misreading of the Guidelines) are not necessary both as a practical matter and as a matter of law.  Therefore, there is no reason to expedite discovery as requested by the Plaintiff.

10. The parties have agreed that each party can propound no more than twenty-five (25) written interrogatories to any other party and ten (10) depositions per side.

    A. <u>Plaintiff's Position</u>:  The ERC proposes that expert reports be served within thirty (30) days of the end of fact discovery and that all expert discovery (including depositions and any rebuttal reports) be completed no later than sixty (60) days of the end of fact

discovery. The ERC believes that this should provide ample time for the experts to prepare their reports. The ERC anticipates that each party will have one expert or, at most, two experts.

        B.      <u>Defendants' Position</u>: Kettler proposes that expert reports be served within sixty (60) days of the end of fact discovery and that expert discovery be concluded within ninety (90) days of the end of fact discovery. Kettler anticipates that it will have at least four (4) experts.

11.     No party seeks bifurcation of discovery or trial.

12.     The parties request the Court to schedule the pre-trial conference at the Court's earliest convenience following resolution of any dispositive motions.

13.     The parties suggest that the trial date be set at the pre-trial conference.

Plaintiff's and Defendants' respective proposed scheduling orders are attached.

Dated:  September 19, 2007                                  Respectfully submitted,


/s/ Douglas W. Baruch                                       /s/ Christopher B. Hanback
Douglas W. Baruch (D.C. Bar No. 414354)                     Christopher B. Hanback (D.C. Bar No. 232579)
Seth W. Greene (D.C. Bar No. 482610)                        Rafe Petersen (D.C. Bar No. 465542)
Alyssa C. Lareau (D.C. Bar No. 494881)                      HOLLAND & KNIGHT LLP
FRIED FRANK HARRIS SHRIVER                                  2099 Pennsylvania Avenue, N.W., Suite 100
  & JACOBSON LLP                                            Washington, D.C. 20006
1001 Pennsylvania Avenue, N.W., Suite 800                   Tel:     (202) 955-3000
Washington, D.C. 20004                                      Fax:     (202) 955-5564
Tel:     (202) 639-7000
Fax:     (202) 639-7003                                     E-mail:  christopher.hanback@hklaw.com
E-mail:  douglas.baruch@friedfrank.com
                                                            *Attorneys for Defendants Kettler and
                                                            Kettler Management Corp.*

                    and

Isabelle M. Thabault (D.C. Bar No. 318931)
Donald L. Kahl (D.C. Bar No. 489472)
WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel:     (202) 319-1000
Fax:     (202) 319-1010
E-mail:  Isabelle_Thabault@washlaw.org
         Don_Kahl@washlaw.org

*Attorneys for Plaintiff The Equal Rights Center*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| THE EQUAL RIGHTS CENTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-cv-01017-RBW |
| | ) | Judge Reggie B. Walton |
| KETTLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**[PLAINTIFF'S PROPOSED] SCHEDULING ORDER**

Having read and considered the Joint Report of the Results of the conference held pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule of Civil Procedure ("LCvR") 16.3, and the Order of this Court, it is on this ____ day of _____, 2007 hereby

ORDERED, by the United States District Court for the District of Columbia that:

1.  Rule 26(a)(1) initial disclosures shall be due fourteen (14) days after entry of this Scheduling Order.

2.  All amendments to the pleadings should be made no later than forty-five (45) days after the close of discovery.

3.  Any motion by Kettler to join additional parties should be brought no later than forty-five (45) days after the deadline of Rule 26(a)(1) disclosures.

4.  Fact discovery shall be completed by January 31, 2008.  All requests for written discovery shall be served at such time to allow for the responses to be due prior to the close of discovery.  The parties shall propound no more than twenty-five (25) interrogatories to any other party.  The parties shall propound no more than ten (10) depositions per side.

5.  Expert reports shall be filed and served by March 3, 2008.

-2-

6. Expert discovery (including depositions and any rebuttal reports) shall be completed by March 31, 2008.

7. All dispositive motions shall be filed and served by April 30, 2008.

8. Any opposition to a dispositive motion shall be filed and served by May 12, 2008.

9. Any reply brief shall be filed and served by May 19, 2008.

10. The Court will set a trial date at the pre-trial conference.

It is FURTHER ORDERED that the preceding guidelines and schedule may be further modified by the Court upon a showing of good cause.

Date: _____                    _____

REGGIE B. WALTON
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| THE EQUAL RIGHTS CENTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-cv-01017-RBW |
| | ) | Judge Reggie B. Walton |
| KETTLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## [DEFENDANTS' PROPOSED] SCHEDULING ORDER

Having read and considered the Joint Report of the Results of the conference held pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule of Civil Procedure ("LCvR") 16.3, and the Order of this Court, it is on this ____ day of _____, 2007 hereby

ORDERED, by the United States District Court for the District of Columbia that:

1. Rule 26(a)(1) initial disclosures shall be due fourteen (14) days after entry of this Scheduling Order.

2. All amendments to the pleadings and motions to join additional parties should be made no later than forty-five (45) days after the close of discovery.

3. Fact discovery shall be completed by March 31, 2008. All requests for written discovery shall be served at such time to allow for the responses to be due prior to the close of discovery. The parties shall propound no more than twenty-five (25) interrogatories to any other party. The parties shall propound no more than ten (10) depositions per side.

4. Expert reports shall be filed and served by May 30, 2008.

5. Expert discovery (including depositions and any rebuttal reports) shall be completed by June 30, 2008.

-2-

      6.      All dispositive motions shall be filed and served by August 14, 2008.

      7.      Any opposition to a dispositive motion shall be filed and served by August 25, 2008.

      8.      Any reply brief shall be filed and served by September 1, 2008.

      9.      The Court will set a trial date at the pre-trial conference.

It is FURTHER ORDERED that the preceding guidelines and schedule may be further modified by the Court upon a showing of good cause.

Date: _____

                                                        REGGIE B. WALTON  
                                                        United States District Judge