IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THE EQUAL RIGHTS CENTER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:07-cv-01017-RBW |
| KETTLER, *et al.*, | ) ) ) | Judge Reggie B. Walton |
| Defendants. | ) ) | |

**PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER**

Plaintiff The Equal Rights Center ("ERC"), by and through its undersigned counsel, hereby respectfully requests that the Court amend the October 1, 2007 Scheduling Order ("Scheduling Order"). The ERC asks that the Court extend the deadline to join additional parties or amend the pleadings from November 30, 2007 to January 31, 2008.

This Motion is prompted by the fact that the ERC has not yet received the discovery from Defendants Kettler and Kettler Management Corp. (collectively, "Kettler") that is sufficient to determine whether there are additional parties that have liability in this case and whether the ERC should pursue a claim against any such parties. As discussed below, the ERC is in this situation because Kettler has engaged in delay and obfuscation tactics the result of which has denied the ERC timely access to this information. At this time, the ERC has been forced to prepare a Motion to Compel to overcome these obstacles. Pending resolution of that Motion, which will be filed shortly, or Kettler's change in approach, the ERC cannot comply with this aspect of the Scheduling Order and seeks the relief specified.

Prior to filing this Motion, the ERC sought Kettler's consent to an extension, but Kettler declined to consent. The ERC's request is reasonable and necessary, and the ERC would suffer

extreme prejudice without an extension. Accordingly, for the reasons set forth in this Motion, the ERC urges the Court to grant the Motion.

In support of its Motion, the ERC states as follows:

1.  The ERC filed its Complaint in this case on June 6, 2007, seeking remedies from Kettler under the Fair Housing Act ("FHA") and Americans with Disabilities Act ("ADA"). The ERC consented to Kettler's request for a 30-day extension of time to file an Answer, and Kettler filed its Answer on July 26, 2007.

2.  In its Answer, Kettler asserted as an affirmative defense that the ERC had failed to join all necessary parties and Kettler generally (and specifically) denied liability for the conduct described in the Complaint. *See* Complaint, at 10 (affirmative defense 5: "Plaintiff has failed to join necessary parties.")

3.  On September 12, 2007, the ERC served Kettler with written discovery. In interrogatories and document requests, the ERC specifically asked Kettler to specify the bases for its defense that additional parties needed to be joined. The ERC also specifically sought the production of documents and information sufficient to identify any other owners of the properties at issue in the Complaint. For instance, ERC propounded the following interrogatory on this issue:

> ERC INTERROGATORY NO. 1:
>
> *State the factual basis for your contention that "Plaintiff has failed to join necessary parties" as claimed in Paragraph 5, Affirmative Defenses, of the Answer. For each such "necessary party," provide the person's or entity's full name . . . and describe in detail each such party's specific involvement in the design or construction of the Subject Properties (or any other bases for contending that they are not necessary parties to the litigation) . . . .*

The ERC also made the following document request on this issue:

ERC DOCUMENT REQUEST NO. 1:

> *All documents relating to or supporting the basis for your contention that "Plaintiff has failed to join necessary parties," as claimed in Paragraph 5, Affirmative Defenses, of the Answer.*

4. On September 19, 2007, the parties filed with the Court the Joint Scheduling Report. Kettler's proposed order attached to the Joint Scheduling Report stated that "[a]ll amendments to the pleadings and motions to join additional parties should be made no later than forty-five (45) days after the close of discovery," which Kettler asked to be completed by March 31, 2008. The Scheduling Order requires the parties to join additional parties or amend the pleadings by November 30, 2007. At the time that Scheduling Order was entered, the ERC fully expected that Kettler would have provided the factual information sought in the ERC's written discovery and that the ERC would be able to comply with the November 30, 2007 date to add additional parties, if necessary.

5. Thereafter, on October 12, 2007, Kettler served its written response to the ERC's First Request for Production of Documents. Kettler's response was deliberately vague as to whether responsive documents existed and as to whether Kettler would produce those that did exist. Indeed, Kettler referred the ERC to the documents attached to its response to the ERC's First Set of Interrogatories and stated that it would produce "agreements with its design professionals" at their counsel's office. With respect to the written response itself, Kettler actually produced only two documents: (1) a list of Kettler properties and (2) one Kettler training manual regarding the FHA dated June 11, 2007.

6. Kettler's response to the ERC's First Set of Interrogatories was similarly unclear, evasive, and incomplete. Kettler produced four documents with the response, including a list that purported to identify the ownership entity(ies) for all Kettler properties subject to the FHA and/or the ADA. This list, however, failed to identify (1) all Kettler properties as specified in the interrogatories and (2) all ownership entities (including Kettler itself), partners, and investors composing the relevant Limited Liability Partnerships and Limited Liability Companies that own

Kettler's properties. Similarly, while Kettler provided a list of architects/designers/engineers/contractors who participated in the design and construction of some Kettler properties, Kettler did not fully respond with respect to all "subject properties" as defined in the interrogatories.

7. Without the benefit of having yet received all such property ownership and design professional information, the ERC does not presently have sufficient information to determine whether there are additional entities and individuals that have liability in this case and whether the ERC should pursue those entities and individuals. The ERC does not view Kettler's incomplete and unclear lists of ownership entities and design professionals as establishing an adequate factual basis for joining those entities and individuals as defendants in this case. Accordingly, Kettler must provide the ERC with the information necessary to identify all such additional entities and individuals and to establish the proper factual basis for joining such parties in this case. At that time, the ERC would then be able to determine whether it should pursue such entities and individuals.

8. As noted above, Kettler's written response to document request no. 1 stated that, beyond the lists attached to its response to the interrogatories, Kettler would produce "agreements with its design professionals" at their counsel's office. As discussed below, Kettler, as of the filing of this Motion, has failed to produce a significant portion of such documents.

9. On November 6, 2007, counsel for Kettler advised that approximately 50 development and construction boxes of documents would be produced in response to these discovery requests, but *only 6* such boxes were available for the ERC's review. Counsel for the ERC completed an initial responsiveness review, including marking documents for copying, of these 6 boxes on November 7.

10. Then, on Monday, November 19, counsel for Kettler advised that an additional 8 such boxes were available for review. Unfortunately, counsel for the ERC was not able to review these 8 boxes of documents during the week of November 19, due to significant scheduling conflicts with other cases and the Thanksgiving holiday. Counsel for the ERC started

reviewing these 8 boxes on Monday, November 26, immediately following the parties' meet and confer discussion regarding various issues with Kettler's discovery responses and delays in producing documents.  Accordingly, as of the filing of this Motion, Kettler has produced to the ERC *only 14 of the apparently 50 boxes of design and construction documents*, the documents containing information necessary for the ERC to evaluate whether it has a factual basis for naming additional entities and individuals as defendants in this case.

11. On Tuesday, November 27, counsel for Kettler advised that an additional 6 boxes of design and construction documents likely would become available on Friday, November 30, as well as certain "corporate headquarters" documents that counsel for Kettler referenced at the November 26 meet and confer discussion.

12. Beyond this snail-paced production of the design and construction documents, Kettler has failed to produce any e-mail communications (beyond those contained in the hard-copy files), electronic documents/information, or electronic storage media to the ERC, which also would likely contain information necessary for the ERC to determine whether it has a factual basis for joining additional entities and individuals as defendants in this case.

13. The ERC is diligently prosecuting this action. The ERC promptly served interrogatories and document requests; pursued Kettler's incomplete and inadequate discovery responses; and reviewed the small tranche of design and construction documents (14 out of 50 such boxes) produced to the ERC.  When it recognized that Kettler's responses were inadequate, the ERC initiated the meet and confer process to get the information.  Because that was unsuccessful, the ERC is preparing a Motion to Compel.

14. Further, before filing this Motion, the ERC sought Kettler's consent to amending the Scheduling Order in order to allow the ERC 30 days after its receipt of Kettler's compliant responses in order to move to join additional parties.  Kettler declined to consent, indicating that Kettler would only consent to an extension of thirty (30) days from November 30, 2007, but not to an extended deadline of January 31, 2008, or until thirty (30) days after Kettler complies with all outstanding discovery requests.

Under the circumstances presented in this Motion, the ERC submits that good cause is present in amending the Scheduling Order to extend the deadline for joining additional parties or amending the pleadings in this civil rights action and that the ERC would suffer extreme prejudice without such an extension.

Date:  November 29, 2007                         Respectfully submitted,

/s/_Douglas W. Baruch_____
Douglas W. Baruch (D.C. Bar No. 414354)
Seth W. Greene (D.C. Bar No. 482610)
Alyssa C. Lareau (D.C. Bar No. 494881)
FRIED FRANK HARRIS SHRIVER & JACOBSON LLP
1001 Pennsylvania Avenue, N.W., Suite 800
Washington, D.C. 20004
Tel:     (202) 639-7000
Fax:    (202) 639-7003
E-mail:  douglas.baruch@friedfrank.com

and

Isabelle M. Thabault (D.C. Bar No. 318931)
Donald L. Kahl (D.C. Bar No. 489472)
WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel:     (202) 319-1000
Fax:    (202) 319-1010
E-mail:   Isabelle_Thabault@washlaw.org
              Don_Kahl@washlaw.org

*Attorneys for Plaintiff The Equal Rights Center*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|                                     |   |                            |
|---|---|---|
| THE EQUAL RIGHTS CENTER,            | ) |                            |
|                                     | ) |                            |
| Plaintiff,                          | ) |                            |
|                                     | ) |                            |
| v.                                  | ) | Case No. 1:07-cv-01017-RBW |
|                                     | ) | Judge Reggie B. Walton     |
| KETTLER, *et al.*,                  | ) |                            |
|                                     | ) |                            |
| Defendants.                         | ) |                            |

**[PROPOSED] AMENDED SCHEDULING ORDER**

It is hereby ORDERED, by the United States District Court for the District of Columbia, that the motion is GRANTED, and the parties shall follow the revised schedule set forth below.

1. The deadline for filing any motion to join additional parties or amend a pleading in this case shall be no later than January 31, 2008.

Date: _____

                                                           _____
                                                           REGGIE B. WALTON
                                                           United States District Judge